GLOVER *v.* SUMMEROUR *et al.,* executrixes.

1. Where, after a colloquy with counsel and a ruling that certain evidence for the plaintiff was admissible, the court later announced that it would be excluded, and counsel for the defendant said, "I think that is right," an exception that the announcement of exclusion came too late to remove from the minds of the jury the damaging effect of the evidence, that the judge's statement to counsel was not sufficient to withdraw it, and that he erred in not instructing the jury not to consider this evidence, does not show error.

2. Construed in connection with the part of the charge immediately following it, the instruction "that in either event you will find a verdict in favor of the plaintiff" was not erroneous, the court explaining that the suit was against two defendants, and that the jury could find against either or both or in favor of both, and giving the forms of verdict.

3. The verdict is supported by evidence.

No. 6648. AUGUST 16, 1928.

Equitable petition. Before Judge Wood. Forsyth superior court. May 12, 1928.

On January 23, 1925, T. E. Summerour filed suit against J. S. Glover and his wife, Mary A. Glover. On August 24, 1925, Mrs. Lala Summerour and Mrs. Annie Garner filed a petition reciting that T. E. Summerour died on April 22, 1925, and praying that his suit proceed in their names as executrixes of T. E. Summerour, which prayer was granted. The petition alleged that J. S. Glover borrowed a sum of money from Summerour, executing three promissory notes and a security deed to certain lands to secure their payment, Summerour executing to Glover a bond to reconvey said lands or to cancel the security deed upon full payment of said notes; that the sum of $3500 was still due Summerour at the time of filing this suit; that about the time of this transaction Mrs. Glover executed to Glover a deed to a portion of said lands for $750, she knowing the full facts; that Glover and his wife combined to defraud Summerour, in pursuance whereof she filed a petition against her husband, alleging that her deed to him was based upon a wholly inadequate consideration, and praying to have it canceled upon the

ground that no order of court was procured authorizing or approving the sale by her of this land; to which suit Glover made no answer, the case, upon call, being marked in default, all of which was a scheme to prevent a portion of said lands from being subject to the security for said loan; that Glover and his children occupied and cultivated said lands; and that Glover was later adjudged a bankrupt. The prayer was that petitioner have judgment against said land for the full amount of principal and interest due on said notes, with a special lien thereon, that Mary A. Glover be enjoined from taking judgment by default in her suit against her husband until a final hearing; and that, in the event it should appear that her deed was for a valuable consideration, Summerour have a special lien against the land she conveyed. An amendment to the petition alleged that Mrs. Glover's deed to her husband was in fact a deed of gift, without any money consideration, made in order to put legal title to the lands in the husband in order that he might procure said loan; and prayed that said deed be so declared.

Mary A. Glover answered, denying material allegations of the petition, and setting up that she made her deed to her husband at the instance of the attorney for the petitioner, received no money in consideration thereof, and did not know that her land was to be encumbered or "put beyond any possibility of her holding it." A verdict was directed for the plaintiffs. Mary A. Glover brought the case to this court, which reversed the judgment (*Glover* v. *Summerour*, 165 *Ga.* 513, 141 S. E. 211), and passed upon the various issues raised. The new trial resulted in a verdict for the plaintiffs. A motion for new trial was filed upon the general grounds, and upon two special grounds indicated in the opinion. The motion was overruled, and Mary A. Glover excepted.

*J. P. Brooke,* for plaintiff in error.

*I. L. Oakes* and *A. B. Tollison,* contra.

GILBERT, J. 1. The first ground of the motion contains a lengthy colloquy between counsel, the court, and a witness introduced in behalf of plaintiffs with reference to the admissibility of evidence. The rulings of the court show that at first the evidence was held admissible, but that later the court announced that it would be excluded. To this announcement counsel for the defendants, one of whom is the plaintiff in error, replied: "I think that is right, your honor." Movant complains that the announcement

of the presiding judge, excluding the evidence, "came too late to take from the minds of the jury the damaging effect of the evidence; . . that the statement made by the presiding judge to movant's counsel was not sufficient and did not have the effect to withdraw this evidence from the jury; that the judge erred in not instructing the jury that this evidence was withdrawn from them and for them not to consider it, which he failed to do either in the statement made or in his charge to the jury." This ground does not show error.

2. The second ground complains that the court erred in charging the jury as follows: "Now, gentlemen, the court instructs you that in either event you will find a verdict in favor of the plaintiff in this case." The criticism is that this charge was a direct instruction to the jury to find for the plaintiffs, and, construed in its literal sense, meant for the jury to find against movant. Construed in connection with that portion of the charge immediately following the portion quoted, the excerpt complained of was not erroneous. The court explained that the suit was against two defendants; that the jury could find against either or both or in favor of both; and the court also explained the forms of verdict.

3. The verdict is supported by evidence, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*